[No. 2663. Decided December 9, 1897.]

T. K. Johnson, *Respondent,* v. C. C. Woodworth, *Appellant.*

TIDE LANDS — APPLICATION TO PURCHASE — AMENDMENT OF — PRIORITY
OVER APPLICATION FILED PENDING AMENDMENT.

Where an application for the purchase of tide lands accompanied with proper proofs has been made to the state land commissioner, but not filed by him because of defects in the accompanying plat, the application is subject to amendment, and, when so amended, should be considered as relating back to the time when it was first tendered.

Appeal from Superior Court, Wahkiakum County.—
Hon. W. W. Langhorne, Judge. Affirmed.

*J. Bruce Polwarth,* for appellant.

*F. D. Winton,* for respondent.

The opinion of the court was delivered by

Scott, C. J.—The questions in controversy in this case relate to the rights of the respective parties to purchase tide lands or, as it is called by them, a sand island covered and uncovered by the flow and ebb of the tide in the Columbia River, said sands being valuable only for fishing purposes. The appellant was the owner of Brown's Island in said river, and one ground of his right to purchase the land in controversy is founded upon his alleged right as an upland owner. Another ground set forth in support of his right to purchase is that he claims to have made the first application therefor. The board of state land commissioners found in favor of the respondent, whereupon an appeal was taken to the superior court and a trial had, which also resulted in favor of the respondent, and the cause was appealed to this court.

The court found that the location and condition of the lands in controversy were such that the appellant was not entitled to purchase as an upland owner, and it also appears that the respondent made application to the state land commissioner to purchase said land several weeks before the appellant applied to purchase. This application was rejected by the commissioner, because there was no proof before him that it was only a sand island, and he required the respondent to furnish proof of that fact. Thereafter, and still prior to appellant's application to purchase, such proof was furnished, whereupon the commissioner received the papers, but on the same day informed the respondent that he would not file the same, for the reason that the plat did not check with the notes of the government survey on file in his office. Respondent protested in writing against the action of the commissioner, but immediately undertook to have the plat corrected, which matter consumed several days' time, and it was finally corrected two days after appellant made his application to purchase. One of the contentions of respondent is that the action of the commissioner in refusing to file the plat was unwarranted, but we do not find it necessary to pass upon that question, as we are of the opinion that the amendments were permissible and that the application should be considered as relating back to the time when it was first tendered with the proofs specified, and this is the only question of law it is necessary to consider. The court also found that the respondent during certain years previous thereto had expended some $700 upon the land, making it suitable for fishing purposes.

We have examined and considered the evidence, and without setting forth the same in detail we are entirely satisfied that the action of the board and superior court in finding for the respondent should be sustained. Affirmed.

ANDERS, GORDON and REAVIS, JJ., concur.