[No. 12251. Department One. February 11, 1915.]

## J. S. BOOK, *Appellant*, v. A. J. WEST, *Respondent*.[1]

PUBLIC LANDS—TIDE AND SHORE LANDS—PREFERENCE RIGHT TO PURCHASE—PROCEEDINGS—APPLICATION—SUFFICIENCY. Upon the filing of conflicting applications for the purchase of state tide lands by persons claiming to be the owners of the abutting uplands, whereupon, pursuant to Rem. & Bal. Code, § 6750, the state board of land commissioners required the submission under oath of a full statement of the facts whereby the parties claimed a preference right to purchase, an applicant may abandon his claim as an abutting owner and base his preference right to purchase upon the fact of his improvement of the tide lands prior to March 26, 1890; since the above act expressly provides that the affidavit, required on the filing of conflicting claims, shall be the only pleading required and shall be deemed denied by all the other applicants.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered April 7, 1914, in favor of the defendant, in an action to determine the preference right to purchase tide lands, tried to the court. Affirmed.

[1]Reported in 146 Pac. 167.

G. C. *Israel*, for appellant.

*John C. Hogan* and *A. E. Graham*, for respondent.

PARKER, J.—This controversy involves the conflicting claimed preference rights of A. J. West and J. S. Book to purchase from the state of Washington lots 1 and 2 of tract 14, Aberdeen tide and shore lands. After a hearing had before the board of state land commissioners, that board awarded the preference right to purchase to Book. Thereupon West appealed from the decision of the board to the superior court for Chehalis county, which court rendered its judgment reversing the decision of the board and awarding the preference right of purchase to West. From this judgment of the superior court, Book has appealed to this court.

The legislature of 1903 passed a special act providing for the resurvey, appraisal and sale of state tide and shore lands within the city of Aberdeen. Laws of 1903, page 22. Section 4 of that act, in so far as we are here concerned with its provisions, reads as follows:

"The owner or owners of lands abutting or fronting upon any of the tide lands hereinbefore mentioned shall have the right, for sixty (60) days following the final appraisement and plat of such tide lands with the commissioner of public lands, to apply for the purchase of all or any portion of the tide lands in front of the lands so owned: *Provided,* That if valuable improvements, and in actual use prior to March 26, 1890, for commerce, trade, residence or business, have been made upon said tide lands by any person, association or corporation, the owner or owners of such improvements shall have the exclusive right to apply for the purchase of lands so improved for the period aforesaid: *Provided, further,* That the owner of such improvements shall have the right in all cases to purchase in addition to the tide lands covered by such improvements, unoccupied and unimproved tide lands adjoining such improvements sufficient for the necessary and convenient use and enjoyment of such improvements and business, and such right of purchase shall be prior and superior to that of the upland owner or others claiming under him:"

Section 5 of the act provides, in substance, that the manner of exercising such preference rights, the right of appeal, and all proceedings shall be as provided by the general law relating to the disposition of such lands. The general law gives to upland owners and improvers of tide and shore lands substantially the same preference right of purchase as is given by this special Aberdeen law. The preference right is to be exercised by timely application for the purchase of the land, the only requirements as to the form or contents of such application are that it "shall be in writing and filed with the commissioners of public lands." The general law, Rem. & Bal. Code, § 6750 (P. C. 477 § 139), provides, among other things, as follows:

"If at the expiration of said sixty days two or more applications shall have been filed for any tract, conflicting with each other, the harbor line commission shall forthwith order a hearing to determine the rights of the parties applying for said tract. They shall require each applicant, within a time stated, to submit under oath a full statement of the facts whereby he claims a preference right of purchase, and such statement shall be the only pleading required and will be deemed denied by all other applicants."

The words "harbor line commission" as used in this section now means "board of state land commissioners," which board has succeeded to the duties of the harbor line commission by virtue of a later statute. Rem. & Bal. Code, § 6605 (P. C. 477 § 13). Upon the issues thus made up, hearing is to be had before the board of state land commissioners and decision rendered as the justice of the case may require.

On February 16, 1907, a resurvey and plat of the Aberdeen tide and shore lands was duly filed, together with an appraisal of the lands as provided by the special act of 1903. Thereafter, on March 5, 1907, West filed his application for the purchase of lots 1 and 2 of tract 14, stating therein: "I am the owner of the uplands immediately contiguous to said tide lands," and claiming his preference right to purchase lots 1 and 2 by virtue of such ownership, making no claim or men-

tion of the fact that he was an improver of the tide land lots prior to March 26, 1890, or that he claimed any preference right of purchase by virtue of being such improver. Thereafter, on April 10, 1907, Book filed his application for the purchase of the same lots, making the same statement as to his ownership of the contiguous uplands as West in his application. Thereupon, the state board of land commissioners set the matter for hearing, and entered its order requiring both applicants "to submit under oath and file with the commissioners of public lands at Olympia, Washington, a full statement of the facts whereby the applicant claims the preference right to purchase said tide and shore lands," as required by the above quoted provisions of Rem. & Bal. Code, § 6750. Thereafter, within the time required by the order of the board, West duly filed his statement alleging, in substance, that he made valuable improvements upon lots 1 and 2 of tract 14 prior to March 26, 1890; that he was then, and is now, the owner of such improvements, and claiming the preference right to purchase lots 1 and 2 because of his ownership and use of such improvements. West, however, made no allegation in his statement relative to his ownership of the uplands, apparently abandoning his claimed right of purchase upon that ground. It may be noted that this statement of West, while filed within the time prescribed by the order of the board under the supervision of Rem. & Bal. Code, § 6750, was not filed within sixty days following the official filing of the survey and appraisement of the Aberdeen tide lands.

Thereafter, when the matter came on for hearing before the board, counsel for Book moved that West's statement, which had been filed in pursuance to the order of the board, be stricken from the files and his application denied, for the reason that he had not made his claimed preference right of purchase upon the ground of being an improver of the tide lands, within sixty days following the filing of the survey and appraisement thereof, and had abandoned his claim of preference right

of purchase upon the ground of his ownership of the upland. Thereupon, counsel for West moved the board that he be permitted to amend his original application so as to show that his preference right of purchase rested both upon the fact of his being an improver and upon his ownership of the upland. The board ruled, in substance, denying him such right of amendment, and refused to entertain his claimed preference right of purchase in so far as it rested upon the fact of improvements being made by him prior to March 26, 1890, and further decided, upon the evidence before them, that he was not the owner of the uplands, and awarded the preference right to purchase lots 1 and 2 to Book.

Upon appeal to the superior court, counsel for West renewed his motion to amend his original application to conform with his statement filed with the board of state land commissioners in pursuance of its order. While the superior court permitted the amendment to be made, or rather proceeded as if it were made, it expressed the opinion that such amendment was wholly unnecessary, proceeding upon the theory that the statement filed by West in pursuance of the board's order as provided by the above quoted portions of Rem. & Bal. Code, § 6750, constituted West's pleading and the foundation of his claimed preference right of purchase. The cause then proceeded to hearing before the court, resulting in judgment in favor of West, reversing the decision of the commission, and awarding to West the preference right to purchase lot 1 and lot 2 except the northerly thirty feet thereof, upon the ground that West had made valuable improvements thereon prior to March 26, 1890, had since then continued to use the same for commerce and trade, and that all of the lots except the northerly thirty feet thereof was necessary to the convenient use and enjoyment of such improvements.

It is first contended by counsel for Book that the superior court erred in permitting West to proceed in that court upon the ground that he was resting his claim upon his im-

provement of the tide land prior to March 26, 1890. We
cannot agree with this contention, in view of the fact that
there is no requirement of the statute that the applicant shall
state the grounds of his claim in his original application to
purchase, and that he is, upon conflicting applications being
made, required to submit under oath a full statement of the
facts whereby he claims a preference right to purchase, which
statement by the express terms of § 6750 becomes his plead-
ing in the controversy. We agree with the view expressed
by the learned trial court that the question of amendment of
West's original application became of no consequence upon
the arising of this conflict between his and Book's applica-
tions. It is not at all difficult, in the light of this whole
record, to see that there was room for difference of opinion
as to whether West or Book was the owner of the uplands im-
mediately bordering upon this tide land, by reason of the un-
certainty as to there being a narrow strip of land between the
tide land and the platted lot of the city of Aberdeen owned
by Book, and West owning such strip of land if it existed.
This, however, only goes to the question of West's good faith,
which after all is of little consequence here in view of his
plain right to state his cause of action by affidavit as re-
quired by the statute, upon a conflict arising, and have it
treated as his first pleading in the controversy. Manifest-
ly, there is nothing inconsistent in West's allegation in his
original application that he was the owner of the upland,
and the allegation in his formal pleading that he was the im-
prover of the tide land. Our decisions in *Johnson v. Wood-
worth,* 18 Wash. 243, 51 Pac. 375, and *Shorett v. Signor,*
58 Wash. 89, 107 Pac. 1033, while not exactly in point, are
in harmony with the conclusions we here reach. We are quite
clear that the learned trial court correctly disposed of this
question in favor of West.

It is also contended that the trial court erred in awarding
the preference right of purchase to West, upon the ground
of his improving the tide land prior to March 26, 1890. This

contention presents only a question of fact as to which we think the evidence clearly preponderates in favor of West. We do not think this branch of the case calls for further discussion.

The judgment is affirmed.

MORRIS, C. J., CHADWICK, MOUNT, and HOLCOMB, JJ., concur.